ACCEPTED
15-24-00079-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/14/2025 1:34 PM
CHRISTOPHER A. PRINE
CLERK

**CAUSE NO. 15-24-00079-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/14/2025 1:34:24 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIFTEENTH COURT OF APPEALS
## AUSTIN, TEXAS

**KENEDY COUNTY-WIDE COMMON SCHOOL DISTRICT,**
**Appellant**

**vs.**

**GLENN HEGAR, TEXAS COMPTROLLER OF PUBLIC ACCOUNTS,**
**Appellee**

**Appeal from the 353rd District Court**
**Travis County, Texas**
**Hon. Judge Maya Guerra Gamble, Presiding Judge**
**Trial Court Cause No. D-1-GN-23-002042**

**APPELLANT'S REPLY BRIEF**

Judith A. Hargrove
State Bar No. 11595050
HARGROVE LAW
2029 DOROTHY
SEALY, TEXAS 77474
(512) 750-0338
judy@hargrovelawtx.com

COUNSEL FOR APPELLANT

## TABLE OF CONTENTS

TABLE OF CONTENTS………………………………….……………i

INTRODUCTION…………………………………...…….…………1

ARGUMENT……………………………………………...…2

    I.      Reply to Appellee's Brief II. Reply to …………………….…..2
            Appellee's Brief II. A.-C.

    II.     Reply to Appellee's Brief II. E……………………………5

CONCLUSION AND PRAYER…………………………………..6

CERTIFICATE OF WORD COUNT………………………….……..7

CERTIFICATE OF SERVICE……………………………………..7

## INTRODUCTION

Appellant files this Reply Brief to respond to and clarify the arguments made by Appellee. Although Appellee's Brief fails on its own merit to controvert Appellant's position, it does confuse the issues by mischaracterizing the relief sought by Appellant. To be clear, Appellant is not requesting revaluation of the entire category of all land appraised at productivity value under the provision focused on by Appellee. It merely requests reduction of its total taxable value to account for ARB orders reducing productivity values of specific protested properties as found by the ALJ's Proposal for Decision. In over-ruling and replacing the ALJ's Decision, Appellee violated the statute by focusing only on one provision and ignoring the others.

Appellee does not dispute Appellant's authorities concerning the standard of review. Nor does it dispute Appellant's argument that the term "taxable value" as defined in the statute includes "productivity value". In fact, Appellee explicitly confirms Appellant's argument that "taxable value" includes productivity value. The relevant authorities hold that a reviewing court must reverse and remand the agency's order if the appellant's substantial rights have been prejudiced by an agency decision that violates a constitutional or statutory provision. Nevertheless, Appellee insists that it has discretion to act as it wishes even it violates the statute.

1

This position further demonstrates its abuse of discretion in this matter.

## ARGUMENT

### I. Reply to Appellee's Brief II. A.-C.

Appellee states that "the dispute on appeal can be reduced to a single legal question: What value(s) does the language of Texas Government Code section 403.302(b)(4) authorize PTAD to adjust to account for ARB orders? [Appellee's Brief at 8]. Although it's true this question must be answered, it side-steps the ultimate question of whether Appellee abused its discretion in refusing to comply with §403.302(b)(4) and (d)(7) by adjusting Appellant's taxable values for ARB orders determining productivity value.

Appellee acknowledges that "When an agency decision turns on the construction of a statute, the question of whether the agency properly construed the statute is a legal question that an appellate court reviews de novo….the appellate court's primary concern is the express statutory language…When an agency decision turns on the construction of a statute, the question of whether the agency properly construed the statute is a legal question that an appellate court reviews de novo. …the appellate court's primary concern is the express statutory language… The court applies the plain meaning of the text unless a different meaning is supplied by legislative definition". [Appellant's Brief at 11-12; Appellee's Brief at 8].

Ignoring these principles, Appellee argues that Texas Government Code

section 403.302(b)(4) authorizes the Comptroller to make adjustments only for ARB orders determining "taxable value," not "productivity value." [Appellee's Brief at 8]. This argument is completely undermined by Appellee's own analysis of Tex. Gov. Code §403.302(d)(7) proving that "productivity value" *is* "taxable value" for land qualified for productivity appraisal. See Appellee's Brief at 15-16. Appellee states:

> Tracking the precise language of these two code provisions (Tex. Gov. Code §403.302(d) and (d)(7)), it is possible to express in mathematical terms the rules set out, when the property in question is all native pasture land and where:
>
> x = taxable value,
>
> y = market value,
>
> z = productivity value, and y = z in all cases.
>
> The statutory language can thus be expressed as follows:
>
> x = y - (y- z), which is equivalent to
>
> x -y = -(y- z), or
>
> x -y = -y+ z, or
>
> x = z, or restoring the statutory terms in the place of the variables,
>
> ***taxable value = productivity value.***
>
> ***In sum, in the case of the native pasture land under review in this case, the taxable value is equivalent to the productivity value.***

[Appellee's Brief at 15-16] [emphasis added]

Appellee's admission that taxable value of the properties at issue *is* their productivity value is a 360º pivot from its earlier position that §403.302(d) defines taxable value as market value, not productivity value. [RR 39 2-25; SOAH-004814]. In any case, Tex. Gov. Code §403.302(d) defines "taxable value" "for purposes "of this section", which includes §403.302(a) and (b) as well as (d). Thus by Appellee's own admission Appellant is correct in arguing that §403.302(b) and (d) require adjustment to taxable values for ARB orders reducing productivity value as a matter of law.

Despite this admission, Appellee argues that because §403.302(a) shows that market value and productivity value are separate and distinct concepts, §403.302(b) and (d) do not authorize adjustments to taxable values for ARB orders reducing productivity value. [Appellant's Br. at 16-18]. Appellee appears to argue that Tex. Gov. Code §403.302(a) somehow nullifies §403.302(b) and (d). [Appellee's Brief at 16-18]. This ignores the rules of statutory construction requiring the statute to be read as a whole and give effect to each provision unless they are in conflict.

Tex. Gov. Code §403.302(a), (b) and (d) are not in conflict; they simply refer to different requirements of the PVS. Tex. Gov. Code §403.302(a) requires the PVS to "determine the taxable value of all property and of each category of property in the district and the productivity value of all land that qualifies for appraisal on the

4

basis of its productive capacity." On the other hand, §403.302(b) and (d) require reducing overall taxable values to account for ARB orders reducing those values. Again, Appellant is not requesting reduction of value for the entire category of all land appraised at productivity value under Tex. Gov. Code §403.302(a). It is requesting its total taxable value be reduced to account for ARB orders reducing productivity values of specific properties under §403.302(b) and (d). Appellee's argument that Tex. Gov. Code §403.302(a) somehow nullifies §403.302(b) and (d) should be rejected.

## II.      Reply to Appellee's Brief II. E.

Appellee urges that if its erroneous legal arguments are rejected, it cannot make the requested adjustments for ARB orders because there is no evidence showing the amount of any appropriate adjustment. [Appellee's Brief at 21-22]. This deflection erroneously assumes that Appellant is requesting Comptroller to adjust the value of the entire category of land appraised at productivity value. This misrepresents the relief sought by Appellant, which is that Comptroller adjust its total taxable value for ARB orders reducing productivity value as ordered by the ALJ Proposal for Decision. [Appellant's Brief Appendix 1]. [SOAH-000066, 004826, 004834, 0048280, 000369-000718, 000723-000729]. The evidence is clearly sufficient to allow such adjustments.

As found by the ALJ, Appellant introduced Supporting ARB Documentation

including Notices of Appraised Value/Property Value and ARB Orders Determining Owners Protests. [SOAH-004680] [Appellant's Brief Appendix 1]. [SOAH-00270-000719]. This evidence is all that is necessary to calculate the reductions ordered by the ARB on the protested productivity values. The calculation is as simple as (noticed appraised productivity value) – (ARB reduced productivity value) = final taxable value of protested property. Comptroller routinely makes such adjustments for ARB reductions of market value. Thus its claim that it lacks evidence to make the requested adjustments to productivity value is merely a misleading attempt to avoid doing what it is required by law to do.

## CONCLUSION AND PRAYER

Tex. Gov. Code §403.302(b)(4) directs that in conducting the PVS and determining Appellant's taxable value, Comptroller was required adjust for ARB orders reducing those taxable values. Appellee admits that "productivity value" *is* "taxable value" for land qualified for productivity appraisal. This it was required to adjust Appellant's taxable value for ARB orders reducing productivity value as a matter of law. Because substantial rights of Appellant are prejudiced by Appellee's Decision, which is arbitrary and without regard to the facts, not supported by substantial evidence, and contrary to law, Appellant prays that this Court remand Comptroller's Decision to prevent mis-application of law, contravention of public policy, and manifest injustice, and for all other relief to which it is justly entitled.

6

Respectfully submitted,

HARGROVE LAW
2029B DOROTHY
SEALY, TEXAS 77474
(512) 750-0338
*judy@hargrovelawtx.com*

By:   /s/ Judith A. Hargrove
      Judith A. Hargrove
      State Bar No. 11595050

COUNSEL FOR APPELLANT

## CERTIFICATE OF WORD COUNT

This document complies with the word-count limitations of Tex. R. App. P. 9.4(i); exclusive of the exempted portions, it contains 1432 words.

/s/ Judith A. Hargrove

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the following counsel of record on this 14th day of March, 2025.

THOMAS BEVILACQUA
Texas Bar No. 00793342
Assistant Attorney General
General Litigation Division

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel : (512) 936-1162
Fax: (512) 320-0667
***thomas.bevilacqua@oag.texas.***


Jim L. Lambeth
State Bar No. 00793047
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
1517 W. Front St., Suite 202
Tyler, TX 75702
(903) 597-2897
(903) 597-2402 – FAX
 Jim.lambeth@lgbs.com

/s/ Judith A. Hargrove

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Judith Hargrove on behalf of Judith Hargrove
Bar No. 11595050
judy@hargrovelawtx.com
Envelope ID: 98477319
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief Requesting Oral Argument
Status as of 3/14/2025 2:04 PM CST

Associated Case Party: Kenedy County Wide Common School District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jim LLambeth | | Jim.Lambeth@lgbs.com | 3/14/2025 1:34:24 PM | SENT |
| Sharita Morrow | | Sharita.Morrow@lgbs.com | 3/14/2025 1:34:24 PM | SENT |
| Ethan Ranis | 24098303 | ethan.ranis@lgbs.com | 3/14/2025 1:34:24 PM | SENT |
| Judith Hargrove | 11595050 | judy@hargrovelawtx.com | 3/14/2025 1:34:24 PM | SENT |
| Richard Brand | | richard.brand@lgbs.com | 3/14/2025 1:34:24 PM | SENT |

Associated Case Party: GLENN HEGAR, TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kirstin Erickson | 24134194 | erickkir03@gmail.com | 3/14/2025 1:34:24 PM | SENT |
| Thomas Bevilacqua | | thomas.bevilacqua@oag.texas.gov | 3/14/2025 1:34:24 PM | SENT |
| Troy Sager | | troy.sager@oag.texas.gov | 3/14/2025 1:34:24 PM | SENT |